McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX,
Social Security Administration
SHEA LITA BOND, SBN D.C. 469103
Special Assistant United States Attorney
    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone: (415) 977-8943
    Facsimile: (415) 744-0134
    Shea.Bond@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| VERNON ROYAL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:08-CV-00089 AWI SMS<br><br>**STIPULATION AND ORDER FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), and**<br><br>**REQUEST FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT** |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, that this action be remanded to the Commissioner of Social Security for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four.

On remand, the Appeals Counsel will instruct the Administrative Law Judge ("ALJ") to take the following action:

The ALJ will be directed to Give further consideration to the treating/examining source opinions, including the opinion evidence provide by Henry Green, M.D. and Richard Engeln, Ph.D., pursuant to the provisions of 20 C.F.R. § 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request the treating and/or examining sources to provide additional evidence and/or further

clarification of the opinion and medical source statements about what Plaintiff can still do despite the impairments.

Further consider the lay evidence in the record in accordance with 20 CFR 416.913(d)(4) and Social Security Ruling 06-03p, specifically, the information from Durmirne Hughes, Plaintiff's girlfriend. The hearing decision should provide rationale which shows the lay information was considered when assessing Plaintiff's credibility, articulate the weight that was given to the lay information in the record, and if rejected, provides reasons that are germane to each lay source.

Reevaluate Plaintiff's impairments during the period at issue, February 24, 1997 to May 28, 2003, taking into consideration all of his impairments, including drug abuse (DAA) and alcoholism, following the sequential evaluation process outlined in 20 C.F.R. § 416.920. If Plaintiff is found not disabled, a determination as to whether DAA is material is not needed. If Plaintiff is found disabled, a determination as to whether DAA is material is necessary. In considering whether DAA is material, the ALJ will decide:

(1) which of the current physical and mental limitations upon which Plaintiff was found disabled would remain if the individual stopped using drugs and alcohol; and

(2) again, in accordance with the sequential evaluation process, whether the remaining limitations would still be disabling (20 C.F.R. § 416.935).

If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base (Social Security Ruling 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)

The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of plaintiff, and against defendant, Commissioner of Social Security, reversing the final decision of the Commissioner.

Respectfully submitted,

Dated: October 1, 2008            /s/ *Barbara A. Sena*
                                  (As authorized via facsimile)
                                  BARBARA A. SENA
                                  Attorney for Plaintiff

Dated: October 1, 2008            McGREGOR W. SCOTT
                                  United States Attorney
                                  LUCILLE GONZALES MEIS
                                  Regional Chief Counsel, Region IX
                                  Social Security Administration

                                  /s/ *Shea Lita Bond*
                                  SHEA LITA BOND
                                  Special Assistant U.S. Attorney

IT IS SO ORDERED.

**Dated:   October 10, 2008**            **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

- 2 -